UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

HOME DÉCOR FURNITURE AND
LIGHTING, INC., et al.,

                    Plaintiffs,

  -against-

UNITED NATIONAL GROUP, et al.,

                    Defendants.

---------------------------------------------------------------- X

05-CV-2······(KAM)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

AMENDED
OPINION AND ORDER

ROSS, United States District Judge:

Plaintiffs Home Décor Furniture and Lighting, Inc. and Home Décor on Kings Highway, Inc. (collectively "Home Décor") filed this action seeking a declaratory judgment that defendants United National Group and United National Specialty Insurance Company (collectively "United National") are obligated to provide insurance coverage in connection with a personal injury claim filed in the Supreme Court of the State of New York. By motion dated April 7, 2006, defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). By motion dated April 7, 2006, plaintiffs cross-move for summary judgment and recovery of costs, disbursements, and attorneys' fees incurred in the instant action. For the reasons stated below, defendants' motion for summary judgment is granted and plaintiffs' cross-motion is denied.

## BACKGROUND

The following facts are undisputed. Home Décor is a retail company which sells home furnishings in two locations. United National Specialty Insurance Company ("UNSIC"), one of

1

the companies within the United National Group, issued a commercial general liability insurance policy to Home Décor Furniture Corporation effective from September 25, 2002 to September 25, 2003 ("the Policy"). (See Pl's Mem. Supp. Mot. Summ. J. ("Pl. Mem.") Ex. B.) Section IV of the Policy, entitled "Commercial General Liability Conditions," stated, in relevant part:

> Duties in The Event of Occurrence, Offense, Claim Or Suit.
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
> (1) How, when and where the "occurrence" or offense took place;
> (2) The names and address of any injured persons and witnesses; and
> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
> b. If a claim is made or "suit" is brought against any insured, you must:
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
> (2) Notify us as soon as practicable.
> You must see to it that we receive written notice of the claim or "suit" as soon as possible.

(Id., General Commercial Liability Coverage Form, at 7.)

The instant dispute arises from a personal injury lawsuit against plaintiffs filed by Belina Gelman in New York State Supreme Court ("Gelman action"). Ms. Gelman allegedly sustained injuries as a result of falling on Home Décor's premises located at 1100 Kings Highway in Brooklyn, New York on or about June 15, 2003. Plaintiffs notified Home Décor's insurance broker, Payless Insurance ("Payless"), within approximately two weeks of the date that the accident took place. ((B. Lasker Dep., at 38 (Benson Decl. Ex. D).) There is no indication that United National was informed at that time. Ms. Gelman filed a claim on June 22, 2004 in the New York State Supreme Court, Kings County. On July 16, 2004, Home Décor notified Payless that it had received the summons and complaint in the Gelman action. (See Pl. Mem. Ex. C, at

Bates-stamped page UN 0002.) Payless in turn forwarded the summons and complaint and Home Décor's Notice of Occurrence/Claim to United National Group by fax dated July 22, 2004. (See Pl. Mem. Ex. C, at Bates-stamped page UN 0005.) By letter dated July 28, 2004, United National Group acknowledged receipt of the complaint. (See Pl. Mem. Ex. C, at Bates-stamped page UN 0004.)

Rob Charles, a senior claims examiner for United National Group, sent Home Décor a letter dated July 30, 2004 disclaiming coverage for the Gelman action. (See Pl. Mem Ex. D.) The letter stated that UNSIC was denying coverage on two grounds, one of which has subsequently become moot.[1] The justification for the disclaimer that is relevant to the instant dispute was that:

> [A]s the submission of this claim to United National Speciality was first made on June 22, 2004, United National Specialty also takes the position that we did not receive timely notice of this June 15, 2003 injury claim. Thus, United National Speciality formerly [sic] declines any request for coverage on the basis that United National Speciality . . . did not receive timely notice of the claim.

(Id.) The letter then quoted portions of the language from the Policy set forth above relating to "Duties in The Event Of Occurrence, Claim or Suit."[2] The letter went on to quote the Policy's

---

[1] The first reason given for the denial was that the Policy did not cover the store location where the injury allegedly took place. (Id. at 1.) By letter dated August 10, 2004, Payless informed United National that the location in question was a corner property and thus had two different addresses, one of which was covered by the Policy. United National subsequently withdrew the disclaimer based on the property's location. (See Charles Aff. Ex. F.)

[2] The court notes that the language provided in the letter, although purporting to quote the Policy, actually differs somewhat from the Policy's language. The only difference that is relevant to the instant dispute is that the letter indicates that the Policy provides that notification of any occurrence that may result in a claim "must be made within thirty (30) days from our, or any involved insured's, first notice of an "occurrence" or offense." (Pl. Mem. Ex. D, at 2). The Policy, on the other hand, states that such notice must be made "as soon as practicable." (General Commercial Liability Coverage Form, at 7 (Pl. Mem. Ex. B).) The mistake was

3

definition of "suit" and "occurrence." "Occurrence" was defined in the policy as "an accident, including continuous or repeated exposure to substantially the same harmful conditions." (Id.) The letter further stated:

> [P]lease take this letter as United National Speciality's denial of any claim or potential claim under the United National Speciality policy, both for the reasons stated herein and for such other reasons as may be presently known or become known. United National Speciality specifically reserves all of its rights at law or otherwise and does not waive any of the terms and conditions of the policy.

(Id. at 3.)

By letter dated August 10, 2004, Payless questioned UNSIC's denial of coverage for failure to provide timely notice, stating "the insured was not aware of any liability claims against him before this date. Thus we have no information about it on file either, so how we could [sic] notify the carrier without any information in prior? [sic]" (Charles Aff. Ex. D.) In response, Mr. Charles, on behalf of UNSIC sent a letter to Home Décor, dated September 4, 2001, stating that "it is our continued position that the disclaimer of coverage for this claim is warranted for late notice to United National." (Charles Aff. Ex. F.)

By letter dated September 24, 2004, counsel for Home Décor requested that UNSIC reconsider its disclaimer of coverage because Home Décor "as soon as practicable notified in writing their insurance carrier as to the claim made or 'suit' brought against them." (Charles Aff. Ex. G.) Mr. Charles replied by letter dated October 4, 2004 in which he stated that "United National stands behind its previously issued disclaimer of coverage notification to Home Décor Furniture Corp. for not providing timely notice of the injury of Belinda Gelman." (Charles Aff.

---

corrected by United National in a letter to Home Decor's counsel dated October 8, 2004. (Charles Aff. Ex. H.) For the purposes of deciding the instant motions, the court relies in the Policy's language in this regard.

Ex. H, at 3.) In response to plaintiffs' letter dated November 30, 2004, Mr. Charles informed counsel for Home Décor by letter dated December 10, 2004 that the disclaimer of insurance coverage remained in effect because "[y]our clients were aware of an injury sustained to their customer . . . well before they supplied United National with a copy of the Complaint as our first notice of claim." (Charles Aff. Ex. J.)

The plaintiffs filed the instant action in the Supreme Court of the State of New York, County of Kings, which was removed to the Eastern District of New York on April 26, 2005. On April 7, 2006, plaintiffs and defendants filed cross-motions for summary judgment.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment shall be granted if the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine which facts are material, the court must look to the substantive law that supplies the basis for the claims at issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "genuine issue of material fact" exists if the evidence is such that a reasonable jury could find in favor of the non-moving party. Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). The moving party bears the burden of establishing the absence of any genuine issue of material fact. Anderson, 477 U.S. at 256. If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment should only be granted when it is apparent that no rational finder of fact "could find in favor of the non-moving

party because the evidence to support its case is so slight." Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).

In deciding a summary judgment motion, the court must "resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion." Cifarelli v. Babylon, 93 F.3d 47, 51 (2d Cir. 1996). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Therefore, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To defeat a properly supported motion for summary judgment, the opposing party must set forth specific facts indicating that a genuine issue of material fact exists; "[s]tatements that are devoid of any specifics, but replete with conclusions" are insufficient to defeat a motion for summary judgment. Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2d Cir. 1999).

## II. Choice of Law

The parties agree that New York law governs the dispute. This agreement "'concludes the choice of law inquiry.'" British Intern. Ins. Co. Ltd. v. Seguros LA Republica, S.A., 342 F.3d 78, 81 (2d Cir. 2003) (quoting Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir.1997)).

## III. Defendants' motion

Defendants move for summary judgment on plaintiffs' claim for a declaratory judgment of coverage on the grounds that (1) plaintiffs failed to provide notice of the accident as required by the terms of its insurance policy, and (2) UNSIC timely disclaimed coverage to plaintiffs on this basis. For the reasons set forth below, the court finds that defendants are entitled to summary judgment on these grounds.

### A. Timeliness of Plaintiffs' Notice of the Occurrence

It is undisputed that plaintiffs failed to provide notice of Ms. Gelman's accident to United National until they notified the company that she had filed a complaint, which was nearly a year after the accident took place. It is also not disputed that this violated plaintiffs' obligations under the Policy to notify UNSIC "as soon as practicable of an 'occurrence' or an offense which may result in a claim." (General Commercial Liability Coverage Form, at 7 (Pl. Mem. Ex. B).) Under New York law, failure to comply with the notice requirement of an insurance policy can relieve the insurer of its obligations under the policy unless the insured demonstrates that it has a valid excuse. See Security Mutual Ins. Co. v. Acker-Fitzsimons Corp, 293 N.E.2d 76, 78 (N.Y. 1972). The date in which this obligation is triggered is evaluated based on a standard of objective reasonableness, focusing "on the insured's knowledge of events and reasonable conclusions based on that knowledge." Garfield Slope Housing Corp. v. Public Service Mut. Ins. Co., 973 F.Supp 326, 330-31 (E.D.N.Y. 1997). Providing notification to a broker is insufficient to satisfy the notification requirement, because the broker is considered to be the agent of the

insured party rather than the insurance carrier. Gershow Recycling Corp. v. Transcontinental Ins. Co., 801 N.Y.S.2d 832, 833 (N.Y. App. Div. 2005)

Plaintiffs have not provided any justification for the delay in reporting the accident. The deposition testimony of two of Home Décor's officers establishes that they were aware of the injury soon after it occurred and reasonably should have known that a personal injury claim could be filed.[3] Alexander Lasker, an officer of the company and store manager for the Kings Highway location, testified in a deposition that he was present when the accident took place and was informed by Ms. Gelman that she injured her hand after tripping in the store. (A. Lasker Dep., at 7, 9, 15, 16 ((Benson Decl. Ex. C).) He further testified that he called Ms. Gelman's family at her request and also called an ambulance. (Id. at 16.) He stated that when he called the next day to ask how she was doing, he was told there was something wrong with her arm but that she was back home and otherwise feeling fine. (Id. at 18.) He testified that he then asked whether she intended to file a claim and he was informed that she did not intend to do so at the moment but

---

[3] Plaintiffs filed a Statement of Material Facts pursuant to Rule 56.1 of the Local Rules for the Southern and Eastern Districts of New York in support of their motion for summary judgment. However, they did not file any opposition to the Statement of Material Facts submitted filed by defendants in support of their motion for summary judgment. Generally, a "plaintiff['s] failure to respond or contest the facts set forth by the defendants in their Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed." Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 504-05 (S.D.N.Y. 2003) (quoting NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134, 139 (S.D.N.Y 2003)); see also Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000). However, notwithstanding plaintiffs' violation of Rule 56.1, the court will deem admitted only those facts in defendants' Rule 56.1 Statement that are supported and verified by admissible evidence in the record and not controverted by other admissible evidence in the record. See Jessamy, 292 F. Supp. 2d at 504. Here, none of plaintiffs' submissions contradict the deposition testimony of Alexander Lasker and Boris Lasker relating to the date in which they became aware of the accident and their awareness of the possibility that it might result in a personal injury claim. Thus, interpreting the facts in the light most favorable to plaintiffs, there is no material issue of fact in dispute relating to this issue.

that he would be informed in the event that she decided to take any action. (Id. at 18.) Boris Lasker, the officer of Home Décor who primarily handles insurance matters, testified in a deposition that he was informed by his brother, Alexander Lasker, about the accident approximately the day after it happened. (A. Lasker Dep., at 38 (Benson Decl. Ex. D).) He also testified that he had previously received notice of a personal injury lawsuit filed by another customer in one of Home Décor's stores. (Id. at 37.) Under these circumstances, it appears objectively unreasonable for Home Décor to delay reporting the accident to UNSIC until the lawsuit was filed over a year later. Consequently, these facts provide a sufficient basis for a finding that plaintiffs violated a precondition of their liability insurance policy for failure to provide timely notice of the occurrence giving rise to the personal injury claim.

### B. Disclaimer of Coverage

The primary issue in dispute is whether defendants have waived their ability to disclaim on the ground of late notice of occurrence. Defendants argue that their initial disclaimer and subsequent communications provide a sufficient basis to deny coverage on this ground. Plaintiffs, on the other hand, contend that UNSIC's failure to clearly and specifically disclaim on the basis of late notice of occurrence meant that defendants have waived this defense. Plaintiffs' argument is based primarily on the premise that the initial disclaimer sent by UNSIC to Home Décor on June 30, 2004 should be read to disclaim coverage on the basis of Home Décor's failure to provide timely notice of the "claim," meaning the law suit, rather than its failure to provide timely notice of the "occurrence," meaning the accident.

In deciding this question, the court is mindful of the general observation that, "in the particular context of claims under insurance policies, courts have displayed special solicitude for the insured in determining whether the insurer" has a duty to uphold its obligations under the policy. Royal Ins. Co. of America v. DHL Worldwide Express, No. 98 Civ. 3743, 1999 U.S. Dist. LEXIS 13061, at *8 (S.D.N.Y. Aug. 25, 1999) (unpublished) (citing 16B John Alan Appleman & Jean Appleman, Insurance Law & Practice § 9082, at 508 (1981)). This consideration may be particularly apt in deciding whether an insurance company has waived conditions that it inserted in the policy for its own benefit. See id. Moreover, according to the New York Court of Appeals, insurer's disclaimers of coverage "must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated." General Accident Ins. Grp. v. Cirucci, 414 N.Y.2d 862, 864 (1979); see also State of New York v. Amro Realty Corp., 936 F.2d 1420, 1431 (2d Cir. 1991). In justifying its reasoning, the Court of Appeals explained that "the insurer's responsibility to furnish notice of the specific ground on which the disclaimer is based is not unduly burdensome, the insurer being highly experienced and sophisticated in such matters." General Accident Ins. Grp., 414 N.Y.2d at 864. Notwithstanding these obligations on insurance companies, however, the court determines that plaintiffs have failed to demonstrate that UNSIC waived the late notice of occurrence defense.

Under New York law, "an insurer is deemed, as a matter of law, to have intended to waive a defense to coverage where other defenses are asserted, and where the insurer possesses sufficient knowledge (actual or constructive) of the circumstances regarding the unasserted defense." Amro, 936 F.2d at 1431. Waiver is defined under New York law as "'a voluntary and

intentional relinquishment of a known right.'" Id. (quoting Albert J. Schiff Associates, Inc. v. Flack, 51 N.Y.2d 692, 698 (1980)). An implied waiver exists when the intention to waive can be inferred from the circumstances. Id. (citing Kiernan v. Dutchess County Mutual Insurance Co., 150 N.Y. 190, 195 (1896)). Courts may find an irrevocable waiver in circumstances where "'the words and acts of the insurer reasonably justify the conclusion that with full knowledge of all the facts it intended to abandon or not to insist upon the particular defense afterward relied upon.'" Id. (quoting Kiernan, 150 N.Y. at 195).

A.    **Letter of Disclaimer of July 30, 2004**

UNSIC's initial disclaimer, dated July 30, 2004, stated, "as the submission of this claim to United National Speciality was first made on July 22, 2004, United National Speciality also takes the position that we did not receive timely notice of this June 15, 2003 injury claim." (Pl. Mem Ex. D, at 2.) The letter went on to indicate that UNSIC disclaimed coverage on the ground that it "did not receive timely notice of the claim." (Id.) On this basis, plaintiffs contend that UNSIC only disclaimed on the basis of late notice of claim and did not rely, as defendants do now, on late notice of occurrence as its justification for the denial of liability insurance coverage. In response, defendants argue that the late notice of occurrence defense was raised in the July 30, 2004 letter when the claims examiner quoted language from the Policy relating to Home Décor's obligations to provide notice of the occurrence and provided the Policy's definition of the term"occurrence." Defendants also point to the claims examiner's notes concerning the denial, in which he indicated that he "advised insured that United National did not receive timely notice of the loss." (Claims Entry, 6/15/03 (Charles Aff. Ex. B).)

11

Resolving all factual ambiguities in favor of the nonmoving party, as the court must do on a motion for summary judgment, see Cifarelli v. Babylon, 93 F.3d 47, 51 (2d Cir. 1996), the court reads UNSIC's July 30, 2004 letter as disclaiming on the grounds of late notice of claim and not late notice of occurrence. Interpreting the literal wording of the letter in light of the factual context in which it was submitted is a factual issue in which there could be different interpretations. Because the letter clearly states that the disclaimer is based on late notice of claim, a rational finder of fact could find that the July 30, 2004 disclaimer did not communicate a late notice of occurrence defense to plaintiffs. The court's reasoning is buttressed by the requirement in New York law that insurance companies clearly and specifically explain the basis for the disclaimer, see General Accident Ins. Grp. v. Cirucci, 414 N.Y.2d at 864. In so deciding, the court also took into consideration the fact that UNSIC drafted the language of the Policy differentiating between notice of "claim" and notice of "occurrence" and therefore could be properly presumed to be using those terms in a manner consistent with the language of the Policy. Therefore, for the purposes of deciding defendants' motion for summary judgment, the court interprets UNSIC's July 30, 2004 letter as a disclaimer on the grounds of notice of claim and not notice of occurrence. Nevertheless, the court finds that the letter cannot be read as a voluntary relinquishment of UNSIC's ability to subsequently assert a timely notice of occurrence defense due to the existence of a reservation of rights clause in the disclaimer.

B.  **Reservation Clause**

The July 30, 2004 letter states that UNSIC "reserves all of its rights at law or otherwise and does not waive any of the terms and conditions of the policy." (Pl. Mem. Ex. D, at 3.) In

making the determination that an insurance company waived its rights to assert defenses not specified in the disclaimer, the Second Circuit in Amro, 936 F.2d at 1420, emphasized that it was not addressing a situation in which the insurer's disclaimer contained "an express and unequivocal statement that other grounds for disclaimer are reserved and not waived." Id. at 1433; see also Olin Corp. v. Certain Underwriters at Lloyd's London, 05 Civ. 5123, 2006 U.S. App. Lexis 27468, at *33-34 (Nov. 7, 2006) (remanding to the district court a claim that a late notice of occurrence defense had been waived where a disputed issue of fact remained as to whether the insurer had only raised specific defenses or had reserved other defenses). In circumstances where the disputed disclaimer did include such a reservation clause, other district courts in this circuit have held, as a matter of law, that the insurer did not waive its rights to subsequently assert additional defenses. See, e.g., Mount Vernon Fire Ins. Co. v. William Monier Construction Co., No. 95 Civ. 0645, 1996 WL 447747, at *5 (S.D.N.Y. Aug. 7, 1996) (unpublished); Heiser v. Union, No. 94 Civ. 179, 1995 WL 355612, at *4 (S.D.N.Y. June 12, 1995) (unpublished); Lugo v. AIG Life Ins. Co., 852 F. Supp. 187, 192 (S.D.N.Y. 1994).

Plaintiffs make an unavailing attempt to distinguish the reservation clauses in Heiser, 1995 WL 355612, and Lugo, 852 F. Supp. at 192, from the one in the instant case. Plaintiff contends that those decisions are distinguishable because the insurance companies in those cases specifically reserved their rights to raise additional "defenses," whereas UNSIC's reservation clause did not include the term "defenses." The court finds plaintiffs' distinction in this regard to be unpersuasive. UNSIC clearly asserted that it was reserving its rights and not waiving the terms and conditions of the Policy. This is sufficient to find that UNSIC, in its July 20, 2004

13

disclaimer, did not demonstrate the requisite intent under New York law to voluntarily relinquish the notice of occurrence defense.

## C. Subsequent Clarification of Grounds for Disclaimer

Plaintiffs contend that UNSIC not only failed to assert the notice of occurrence defense in their initial disclaimer but failed to do so in their subsequent communications. It is true that UNSIC's September 2, 2004 letter to Home Décor merely indicated that "it is our continued position that the disclaimer of coverage for this claim is warranted for late notice to United National." (Charles Aff. Ex. F.) However, UNSIC clarified its position in its October 8, 2004 letter, in which it indicated that "United National stands behind its previously issued disclaimer of coverage notification to Home Décor Furniture Corp. for not providing timely notice of the injury of Belinda Gelman." (Charles Aff. Ex. H, at 3.) UNSIC's December 10, 2004 letter further emphasized that the disclaimer of insurance coverage remained in effect because "[y]our clients were aware of an injury sustained to their customer . . . well before they supplied United National with a copy of the Complaint as our first notice of claim" (Charles Aff. Ex. J.). While neither of these subsequent communications contained the word "occurrence," their references to Home Décor's failure to timely notify UNSIC of the injury provided sufficient notice to the plaintiffs of the ground for the denial of coverage to satisfy the court that UNSIC clearly and explicitly disclaimed on the basis of late notice of occurrence.[4]

---

[4] The court notes that its conclusion is similar to the one reached by the Second Circuit in its unpublished opinion, Garay v. National Grange Mutual Ins. Co., 117 Fed. Appx. 785 (2d Cir. 2004). In Garay, the Second Circuit confronted a situation in which an injured party sued an insurer to compel payment of an unsatisfied default judgment awarded in New York state court. The insurance company in that case had disclaimed coverage to the insured on the basis of

14

The existence of a general reservation of rights clause in the initial disclaimer and the insurance company's subsequent clarification of the basis for the disclaimer within a relatively short period of time serve to distinguish the instant case from Olin Corp. v. Insurance Co. of North America, 84 Civ. 1968, 2006 U.S. Dist. LEXIS 8028 (S.D.N.Y. March 1, 2006), which was relied on by plaintiff. In Olin, the insurance company's initial communication to the insured party in response to its notice of claim contained only a reservation of rights with regard to two particular issues, coverage and punitive damages. Id. at *6. The insurance company subsequently failed to assert the late notice of occurrence defense until filing their answer in district court nine years later. Id. On that basis, the Southern District found that the insurance company's initial reservation of rights, which only referred to two particular defenses, operated as a waiver of the insurance company's ability to assert an additional defense so many years later. Id. at 9-10. By contrast, the initial disclaimer in the instant action reserved UNSIC's rights with respect to the Policy's terms and conditions more generally, and the company subsequently

---

untimely notice, as the insurer was not notified that an accident took place until the insured sent the complaint a year and a half later. Id. at 786. The insurance company in Garay disclaimed only with respect to late notice of "claim" and not late notice of "occurrence." Id. at 787. The Second Circuit determined that there were sufficient references in the letter to the injured party's failure to promptly notify the insurance company of the accident that the disclaimer was effective with regard to the late notice of occurrence defense. Id. at 788. In support of its position, the Second Circuit pointed to language in the letter (1) referencing the insured's dual obligations to promptly notify the insurer of both the occurrence and the claim; (2) reminding the insured of a previous letter reserving its rights while it investigated the delay in reporting the accident to the insurer; and (3) noting the insured's failure to report the accident at the time the insured became aware of the claimant's intention to file a claim. Id.

15

clarified its intent to disclaim coverage on the basis of the late notice of occurrence defense within three months time.[5]

For the above stated reasons, the court determines that plaintiffs have not shown that there is any material issue of fact requiring trial as to whether UNSIC demonstrated an intent to waive the defense of untimely notice of occurrence as the basis for its denial of liability coverage.[6] Accordingly, the court grants defendants' motion for summary judgment on plaintiffs' claim for declaratory relief.

## IV. Plaintiffs' Motion

Plaintiffs cross-move for summary judgment on the ground that defendants waived their only viable defense, failure to provide timely notice of the occurrence. In deciding this argument in the preceding section, the court took into consideration the arguments made by plaintiffs in their motion for summary judgment and their reply in support of the motion. Therefore, as the court determined that defendants did not waive the late notice of occurrence defense, plaintiffs'

---

[5] In drawing this conclusion, the court notes that the issue of whether UNSIC's disclaimer satisfied its obligation to notify the insured "as soon as is reasonably possible" under New York Insurance Law § 3420(d), see First Financial Ins. Co. v. Jetco Contracting Corp., 1 N.Y.3d 64 (N.Y. 2003), is not before the court.

[6] In so deciding, the court distinguishes this case from Village of Endicott v. Ins. Co., 908 F. Supp. 115, 123 (N.D.N.Y. 1995). In Village of Endicott, the Northern District of New York determined that there was a material issue of fact as to whether the insurance company waived its rights to assert unspecified defenses when the company reserved its rights only on the basis of late notice in reporting a claim when the factual circumstances would indicate an intent to disclaim on the basis of late notice of occurrence. However, unlike the instant case, there was no general reservation of rights clause enabling the company to subsequently assert unspecified defenses, and there did not appear to be any prompt clarification of the company's intent.

motion for summary judgment is dismissed. In light of the disposition of this action, the court denies plaintiffs' application for attorneys' fees, disbursements, and costs.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted and plaintiffs' motion for summary judgment is denied. Plaintiffs' claim, in its entirety, is dismissed with prejudice. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: December 12, 2006
Brooklyn, New York

SERVICE LIST:

**Counsel for Plaintiffs**

Jeffrey M. Cassuto
Jeffrey M. Cassuto, Esq
299 Broadway
Suite 1020
New York, NY 10007

**Counsel for Defendants**

Edward S. Benson
Nicoletti Gonson & Spinner LLP
546 Fifth Avenue
20th Floor
New York, NY 10036

cc: Magistrate Judge Kiyo A. Matsumoto